UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL LEMUS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MERCED and DEFENDANT OFFICER DOES 1 THROUGH 50,<br><br>　　　　Defendant. | 1:14-cv-02030-KJM-GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Doc. 2)** |

**I.　INTRODUCTION**

Plaintiff Noel Lemus ("Plaintiff"), represented by counsel, filed this action on December 19, 2014 (Doc. 1) and requests to proceed in forma pauperis ("IFP") (Doc. 2). For the reasons that follow, the undersigned RECOMMENDS that Plaintiff's application be DENIED.

**II.　DISCUSSION**

　　**a.　Legal Standard**

An indigent party may be granted permission to proceed "in forma pauperis" after submitting an affidavit showing his or her inability to pay the requested fees. 28 U.S.C. § 1915(a). The determination whether a party can proceed IFP is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Schweitzer v. Scott*, 469 F.Supp. 1017, 1019 (C.D. Cal. 1979), quoting *Weller v. Dickinson*, 314

F.2d 598, 600 (9th Cir. 1963) ("a court should be more willing to entertain an application of this nature in a criminal proceeding, or a Title VII proceeding, than, say, in a civil action for money damages"). When examining an application for IFP status, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D. R.I. 1984) ("petitioners with modest cash reserves are not paupers within the intendment of 28 U.S.C. § 1915(a) for the purpose of filing fees, initial service of process costs and the like").

### b. Plaintiff Does Not Qualify Under 28 U.S.C. § 1915(a)

Plaintiff represents that, until June 2014, he was employed by the City of Gilroy and earned over $9,000 per month. Up until October 23, 2014, he was also receiving biweekly payments of $2,145 for worker's compensation. His wife, who is currently employed by the Gilroy Unified School District, earns $2,859 per month. Notably, Plaintiff also maintains at least two separate bank accounts, but declines in his application to state the current balance in either account. (Doc. 2.) The only currently existing debts burdening plaintiff are a Capitol One charge card with a balance of $1,500 (requiring a monthly payment of $150) and a Xerox credit line with a balance of $6,000 (requiring a monthly payment of $145). *Id*.

Based on these representations, the Court finds that Plaintiff is not entitled to proceed without prepayment of the $400 filing fee. Up until October 2014 (just two months before this suit was filed), Plaintiff and his wife were receiving over $6,000 per month (2 biweekly payments of $2,145 plus a monthly salary of $2,859). These facts, coupled with Plaintiff's relative lack of significant debt, do not support his application.

Notably, Plaintiff does not state the balance of either of his two bank accounts in his request for IFP status, another factor that weighs against the grant of the application. *U.S. v. Shadley*, No. 2:09-MC-80 WBS GGH, 2010 WL 2509910, at *1 (E.D. Cal. June 17, 2010) (denying request to proceed IFP where applicant "failed to adequately document her financial status").

In sum, very little suggests that this case should fall within the "exceptional

circumstances" justifying IFP status.

## III. RECOMMENDATION

Based on the foregoing, the Court recommends that:

1. Plaintiff's Application to Proceed In Forma Pauperis be denied; and,
2. Plaintiff be required to submit the filing fee of $400.

These findings and recommendations will be submitted to the Honorable Kimberly J. Mueller pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 6, 2015**          /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE